IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr334-MHT |
| | ) | (WO) |
| JULIAN DWAYNE WILLIAMS | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue of defendant Julian Dwayne Williams.  For the reasons set forth below, the court finds that jury selection and trial, now set for November 30, 2015, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any period of delay "resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and it also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Williams in a speedy trial. On November 18, 2015, the government filed a superseding indictment that added an additional charge against Williams.  Based on the representations made on the record on November 19, 2015, the new charge will require Williams to review new discovery and complete additional fact investigation to develop and prepare the case for trial.  The government does not oppose Williams's motion.  Given these circumstances, a continuance in this matter is warranted.

* * *

Accordingly, it is ORDERED as follows:

(1) Defendant Julian Dwayne Williams's motion for continuance (doc. no. 42) is granted.

(2) The jury selection and trial for defendant Williams, now set for November 30, 2015, are reset for February 8, 2016, at 10:00 a.m., in

Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 20th day of November, 2015.

                                _/s/ Myron H. Thompson_
                                **UNITED STATES DISTRICT JUDGE**