IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )      CRIMINAL ACTION NO.
     v.                     )          2:15cr334-MHT
                            )             (WO)
JULIAN DWAYNE WILLIAMS      )
```

OPINION AND ORDER

In this criminal case, defendant Julian Dwayne
Williams moves to suppress a statement he made to
police.  Williams is charged with two counts of being a
felon in possession of a firearm, in violation of 18
U.S.C. § 922(g)(1).  He contends that the statement,
which he made while in the hospital suffering from
gunshot wounds, was not knowing and voluntary.  At the
hearing on these suppression motions, the court heard
testimony from various witnesses about the
circumstances under which he made his statement; the
court also heard an audio recording of his statement.
For the reasons below, the suppression motions will be
denied.

## I.   BACKGROUND

Williams was hospitalized shortly after suffering several gunshot wounds, multiple rib fractures, a scapular fracture, and a pulmonary contusion during an altercation.   He was transported by ambulance to a hospital for treatment, where he was given Fentanyl, a narcotic pain medication.   Upon admission, he tested positive for marijuana, alcohol, and ecstasy.   While he was in the hospital, Police Detective Shundra Rowe questioned him, as a victim and not as a suspect, for a few minutes.   The questioning occurred about two hours after he was shot, and after he had received the Fentanyl.

## II. DISCUSSION

Williams argues that the statement he gave to Detective Rowe was not knowing and voluntary due to the pain he was in and the drugs in his system, and therefore violated his right to due process.   If a

2

defendant's statement made to law enforcement is not knowing and voluntary, that statement violates the due process clause and cannot be used. Jackson v. Denno, 378 U.S. 368, 376 (1964) ("A defendant in a criminal case is deprived of due process of law if [the defendant's] conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession.").

Williams initially also based his motion to suppress on the violation of his right against self-incrimination. See Miranda v. Arizona 384 U.S. 436, 444 (1966). However, at the hearing on the suppression motions, he conceded that he was not in custody at the time he made his statement. Because Miranda applies to only custodial interrogations, his right against self-incrimination was not violated. See Miranda, 384 U.S. at 444 (holding that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards

3

effective to secure the privilege against self incrimination").

When a defendant challenges the admissibility of his statement under the due-process clause, the court must determine whether the statement was knowing and voluntary. "[C]oercive police activity is a necessary predicate to the finding that a confession is not voluntary." Colorado v. Connelly, 479 U.S. 157, 167 (1986); see also Miller v. Dugger, 838 F.2d 1530, 1536 (11th Cir. 1988) (citing the same language).[*] Thus, "[w]hile mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry." Connelly, 479 U.S.

---

[*] In Williams's motion to suppress, he relies on reasoning in United States v. Bernett, 495 F.2d 943 (D.C. Cir. 1974), that was not adopted by the majority; the majority opinion does not support his case. Id. at 967 (where defendant confessed while drunk, issue was not voluntariness, but trustworthiness and, accordingly, not a constitutional question). Bernett was also issued before Connelly, which clarified that coercion was required for a finding of involuntariness. See Connelly, 479 U.S. at 167.

4

at 165.

The Eleventh Circuit Court of Appeals uses a "totality of the circumstances" analysis to determine if a statement was voluntary. United States v. Bernal-Benitez, 594 F.3d 1303, 1319 (11th Cir. 2010). In making that determination, the court considers a range of factors, including "the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep." Id.

Applying these factors to the evidence, the court concludes that Williams made his statement voluntarily. At the suppression hearing, Williams testified that Detective Rowe did not force him in any way to answer her questions. He stated that her manner was 'easygoing' and that he did not consider himself in custody. He made clear that he believed at the time that she was 'on his side'; and he repeatedly affirmed that he gave her a voluntary statement because he considered himself a victim and was trying to help the

police locate the suspect.

The evidence also indicates that he made the statement knowingly. Although he was under the influence of Fentanyl at the time, the audio recording of the questioning revealed, and the court so finds, that he was very articulate and descriptive and showed no signs of ill effects from the pain and drugs; he was lucid, spoke in complete sentences, and was even animated and able to demonstrate his breathing pattern after he was shot. Indeed, he appeared eager and excited to explain to Detective Rowe what had happened. He also asked if she would speak to the mother of his child so that she could explain what had happened.

The testimony of Detective Rowe about Williams's state of mind was consistent with Williams's testimony and the audio recording. She credibly explained that she did not consider Williams a suspect, but instead considered him a victim, and therefore did not explain his Miranda rights to him; that she did not know that Williams had a prior felony conviction when she

6

questioned him; and that she questioned him as soon as she did so that she could solve the crime against him. She further affirmed that she did not threaten him in any way, and that Williams never asked to end the conversation. Finally, she remarked that he appeared alert when answering her questions and did not slur his answers.

The testimony of Dr. Susie Thomas, Williams's pharmacology expert, does not undermine the conclusion that Williams gave his statement knowingly and voluntarily. She testified that Fentanyl generally makes one groggy or disoriented, but she conceded that she was not present when Williams was questioned; had not listened to the audio recording; and could not say for certain that the drugs in Williams's system when he was questioned, including the Fentanyl, alcohol, ecstasy, and marijuana, prevented him from making a knowing and voluntary statement.

One aspect of Williams's testimony does concern the court.   Williams self-diagnosed his pain as a ten out

of ten at the time he was questioned, with ten being the worst pain imaginable. Further, he testified that he told Detective Rowe that he was in pain, which she confirmed. However, these facts are not sufficient to render his statement involuntary, given the other evidence the court heard. Having considered the 'totality of the circumstances,' the court is convinced, and so holds, that Williams was not coerced and that he gave his statement knowingly and voluntarily.

Williams's counsel has conceded that she could not find any precedent for the court holding that a statement should be suppressed if (1) the person is not in custody; and (2) the statement was not coerced. Indeed, the court is not aware of any precedent for such a holding.

Even if coercion is not required, as discussed above, the court has made an independent assessment of the evidence and finds that his statement clearly was knowing and voluntary. The court heard the recording

of the statement.   He was lucid, he was animated, he spoke intelligently.   If drugs could have made an impact, the evidence shows they had not made that impact by the time he gave his statement.   Of course the court's view that the statement was knowing and voluntary does not mean that the jury could not reach a contrary conclusion.

Therefore, Williams's motions to suppress will be denied.

\* \* \*

Accordingly, it is ORDERED that Julian Dwayne Williams's motions to suppress (doc. nos. 53 and 61) are denied.

DONE, this the 29th day of January, 2016.

<u>    /s/ Myron H. Thompson    </u>
UNITED STATES DISTRICT JUDGE